FILED '08 OCT 31 12:07 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>WENDY McKENZIE RYAN,<br><br>           Debtor.<br>_____<br><br>MUHLHEIM BOYD, LLP,<br><br>           Appellant,<br><br>   v.<br><br>ROBERT D. MILLER, JR., ACTING<br>UNITED STATES TRUSTEE, REGION 18,<br><br>           Appellee. | Case No. 08-6250-HO<br><br>ORDER |

    Loren Scott and the law firm of Muhlheim Boyd appeal Judge Albert Radcliffe's orders that offered the Muhlheim firm the option of waiving its fees as a condition of withdrawal as counsel or

1 - ORDER

continued representation of the debtor and the ability to seek fees.

## STANDARD

The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr. P. § 8013. Issues of law are reviewed *de novo*. U.S. v. Horowitz, 756 F.2d 1400, 1403 (9th Cir. 1985). Mixed questions of law and fact are reviewed de novo. Boone v. United States, 944 F.2d 1489, 1492 (9th Cir. 1991). Mixed questions arise when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule. Pullman-Standard v. Swint, 456 U.S. 273, 289 n. 19 (1982); Moss v. Comm'r., 831 F.2d 833, 838 n. 9 (9th Cir. 1987). A bankruptcy court's denial of a motion to withdraw is reviewed for abuse of discretion. In Re Kello, 197 F.3d 1116, 1119 (11th Cir. 1999). A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or on clearly erroneous factual findings. Warrick v. Birdsell, 278 B.R. 182, 184 (9th Cir. BAP 2002). It also abuses its discretion if it applies an incorrect legal rule. Simantob v. Claims Prosecutor, LLC, 325 B.R. 282, 287 (9th Cir. BAP 2005).

## FACTUAL BACKGROUND

On October 30, 2007, Wendy Ryan filed a voluntary petition under Chapter 7 of the bankruptcy code. Kimberly Covington initially represented Ryan, but following the United States Trustee's motion to dismiss for abuse of Chapter 7, Muhlheim Boyd substituted in as Ryan's attorney.[1] Ryan paid Muhlheim Boyd a $1,000 retainer.

After consulting with Scott over several weeks, Ryan determined that it was not worth paying Muhlheim Boyd to proceed further with the case.[2] Although Ryan was happy with Muhlheim Boyd's representation, she decided she could not afford it and asked Muhlheim Boyd to withdraw from representation.

On February 12, 2008, two days before Ryan's written response to the dismissal motion was due, Muhlheim Boyd filed a motion to withdraw. Because of outstanding discovery requests and other pending deadlines as well as the imminent evidentiary hearing on the motion to dismiss, the Trustee objected to withdrawal. In the alternative, the Trustee requested an extension of deadlines.

On February 20, 2008, the bankruptcy court heard argument on the motion to withdraw. Scott asserted that Ryan had discharged him and cited Oregon Rule of Professional Conduct (ORPC) 1.16 for

---

[1] Covington lacked the expertise to handle the case.

[2] At a preliminary hearing on the motion to dismiss, Scott conceded that there probably is a presumption of abuse, but that there may be potential defenses.

3 - ORDER

the proposition that he could no longer ethically represent Ryan as a result. The court elicited from Ryan that the withdrawal was sought for financial reasons and not because she was dissatisfied with Scott's services.[3]

The court indicated that Covington would likely be required to refund a portion of the $1700 Ryan had paid her for representation which could be used to pay Muhlheim Boyd. The court also stated that the reason for withdrawal was not properly characterized as a discharge and thus offered Scott the choice of remaining on in the case or refunding the $1,000 retainer. Scott replied that he would refund the $1,000 even though Ryan indicated that she did not want the money back. The court gave Scott three days to refund the money and provide a declaration to the court so indicating, otherwise the motion to withdraw would be denied.

The day after the hearing, Scott filed a declaration indicating the refund had been made. The Trustee then filed a motion seeking clarification of whether Muhlheim Boyd was precluded from seeking attorney fees incurred through the date of withdrawal.

On February 27, 2008, the Trustee filed a stipulated order disgorging $1701 of Covington's attorneys' fees. On February 29, the bankruptcy court clarified its order regarding withdrawal to note that unless Scott files a declaration within 5 days that he is

---

[3] Ryan later asserted that she would love to be represented, but that she can't afford it.

4 - ORDER

not waiving his fees, his motion to withdraw is granted and his fees are deemed waived and that if such declaration is filed, the motion to withdraw is denied and he is permitted to require payment for the $1,000 previously refunded.

On March 3, 2008, Muhlheim Boyd filed a motion to alter or amend the court's orders regarding withdrawal arguing that its withdrawal was mandatory under ORPC 1.16 and that the bankruptcy court improperly exercised its authority under section 329 of the bankruptcy code to require disgorgement of the retainer and violated Muhlheim Boyd's due process rights.

At the hearing on the motion to alter, the court noted that reasonableness of the fee was not at issue because Muhlheim Boyd could choose to remain on the case and continue to bill for services.

In its letter ruling, the bankruptcy court noted that an attorney may not withdraw absent leave of court. The court found that despite Muhlheim Boyd's argument to the contrary, the court did have discretion to deny withdrawal regardless of whether the reason for withdrawal was because the firm had been discharged or sought to withdraw because Ryan could not pay the firm. The court denied the motion stating:

> My duty was to balance all of the parties' interests...
> Here, there were imminent scheduling deadlines and an
> imminent evidentiary hearing. Debtor had dismissal of
> her case at stake. She indicated she would love to be
> represented. My ruling was an attempt to facilitate that
> representation. The firm could either stay on or refund

5 - ORDER

and waive its fees. The latter would facilitate Debtor
retaining another attorney if she chose, by giving her a
ready source of cash, as well as relief from the burden
of paying the firm's accrued fees. I was also aware that
it was highly probable Debtor would be getting some or
all of Ms. Covington's fees refunded, which would also
facilitate employment of new counsel. In fact, this
refund occurred soon after the February 20th hearing...
I recognize Debtor stated at the February 20th hearing
that she could not get new counsel because they would
charge too high a fee. My order allowed Debtor at least
some flexibility should she change her mind and seek such
representation. Further, my order recognized the state
of the proceedings and the potential cost to Debtor to
bring new counsel up to speed.

Excerpt of Record at p. 209-10. The court also gave Muhlheim Boyd another 10 days to file a declaration that it is not waiving its fees which would result in the denial of the motion to withdraw and that otherwise the motion to withdraw would be granted. Muhlheim Boyd filed a notice of appeal, within 10 days of the bankruptcy court's letter opinion, on March 28, 2008.

On April 2, 2008, the bankruptcy court approved a stipulated order dismissing Ryan's case pursuant to the Trustee's motion to dismiss and the stipulation.[4]

## DISCUSSION

Muhlheim Boyd asserts that the bankruptcy court: (1) erred in

---

[4]The trustee asserts that because the case closure order was entered after Muhlheim Boyd filed its notice of appeal, that closure order may be ineffective because the appeal divested the bankruptcy court of control over those aspects of the case appealed. The Trustee also argues that a remand is necessary for examination of Muhlheim's fees.

6 - ORDER

ordering Muhlheim Boyd to disgorge and waive all fees as a condition of withdrawal where continued representation would have violated ORPC 1.16(a); (2) violated Muhlheim Boyd's due process rights by failing to hold an evidentiary hearing or otherwise afford an opportunity for Muhlheim Boyd to justify fees; and (3) erred in failing to consider either its authority under 11 U.S.C. § 329 or to hold a hearing under section 329 in disallowing fees as a condition of withdrawal.

1.   **Oregon Rule of Professional Conduct 1.16**

ORPC 1.16 provides

(a) **Except as stated in paragraph (c)**, a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

. . . .

(3) the lawyer is discharged.

(b) **Except as stated in paragraph (c)**, a lawyer may withdraw from representing a client if:

. . . .

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

7 - ORDER

> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. **When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation**.

(emphasis added).

Under local Rule 83.11(a)

> An attorney may withdraw as counsel of record only with leave of Court, if doing so leaves the party unrepresented or without local counsel. A motion must be filed and served on the client and opposing counsel. The motion will be heard on an expedited basis.

Some factors courts consider in ruling on a motion to withdraw include:

> 1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

Irwin v. Mascott, 2004 U.S. Dist. LEXIS 28264 at 4 (N.D.Cal. December 1, 2004).

The bankruptcy court in this case did not abuse its discretion in its treatment of the motion to withdraw despite its alternative to allow the withdrawal and require the return of fees paid so that Ryan could get new counsel if she chose along with an extension of deadlines if necessary.[5] The court also considered the circumstances precipitating the motion to withdraw in formulating

---

[5] Nor was it an abuse of discretion despite Ryan's assertion that she was ready to proceed pro se especially in light of the fact that she expressed a desire to have counsel if she could afford counsel.

8 - ORDER

its unusual grant/deny alternatives. The motion did not result from displeasure with Muhlheim's performance, but from Ryan's fear that she would be unable to afford the firm's time. The court's order accounted for this issue as well as the prejudicial effect of withdrawal and made a compromise. Again, despite the unusual ruling, it cannot be said such a compromise is an abuse of discretion. To the extent the court denied the motion to withdraw, the court's factual findings and view of the law were not erroneous.

Muhlheim Boyd, however, also argues that the court had no discretion to deny the motion because Oregon's rules of conduct required it to withdraw. However, Muhlheim relies on a strained reading of ORPC 1.16 and the rule does permit an attorney to continue representation even if discharged by the client where ordered to do so by the court. ORPC 1.16(a) and (c). The fact that the court order allowed withdrawal if the firm waived its fees does not change the fact that Muhlheim Boyd would have continued representation because it would have been ordered to do so by the court.

2. Due Process and 11 U.S.C. § 329

Muhlheim Boyd argues that it was denied notice and a hearing regarding its property right to fees for its services. The Ninth Circuit has noted that some sort of notice and hearing is required

9 - ORDER

if the bankruptcy court materially reduces the amount sought by a fee applicant. In Re Eliapo, 468 F.3d 592, 602 (9th Cir. 2006).

11 U.S.C. § 329 provides that an attorney representing a debtor must file a statement of compensation with the court and if the compensation exceeds the reasonable value of such services the court may order the return of excessive payment or cancel the agreement to pay.

The bankruptcy court did not view the process involving the motion to withdraw as involving an objection to the disallowance of the fee in part because it had the discretion to deny the motion to withdraw and would do so if Muhlheim wished to bill Ryan for services rendered.[6] Indeed, the court granted Muhlheim Boyd the opportunity to declare that it was not waiving its fees. Because Muhlheim chose to appeal to this court rather than file such a declaration, the bankruptcy court was deprived of an adequate opportunity to provide a hearing regarding the reasonableness of any fees sought. Nonetheless, Muhlheim Boyd has, by filing the notice of appeal within 10 days of the bankruptcy courts order, in essence declared that it will not waive its fee. Accordingly, the case is remanded so that Muhlheim Boyd can be given a reasonable opportunity to present legal argument and/or evidence to clarify or supplement its fees. See In Re Eliapo, 468 F.3d at 603.

---

[6]Ryan hired Muhlheim Boyd in "matters related to opposing the US Trustee's motion to dismiss." Excerpt of Record at 194.

10 - ORDER

The court expresses no opinion as to whether the stipulated order dismissing the case should be vacated or whether Muhlheim Boyd should be required to remain as debtor's counsel in opposing the motion to dismiss upon remand.

## CONCLUSION

For the reasons stated above, the bankruptcy court's decision is affirmed in part and remanded in part.

DATED this _31_ day of October, 2008.

                                              /s/ Michael R. Hogan
                                              United States District Judge